UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

SAT-DARSHAN SINGH KHALSA, a/k/a
Edward Francis Hendricks,
  *Defendant-Appellant.*

No. 01-4798

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-171)

Submitted: April 30, 2002

Decided: June 3, 2002

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mary Katherine Nicholson, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Sat-Darshan Singh Khalsa appeals his conviction after a conditional plea of guilty to possession with intent to distribute heroin in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West Supp. 1999 & Supp. 2001), and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1)(A)(i) (West 2000). Khalsa challenges the denial of his motion to suppress evidence obtained during an allegedly illegal stop at the Greensboro, North Carolina, train station.

Khalsa contends that the police officers did not possess sufficiently reliable information to warrant an investigatory stop. The district court held that Khalsa's encounter with the police was not a detention or a stop. We review the district court's factual findings on a denial of a suppression motion for clear error and its legal conclusions de novo, *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992), construing the evidence in the light most favorable to the party who prevailed below. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). The encounter at issue occurred in a public area, the train platform, and two plain clothed officers with concealed weapons identified themselves and asked to speak to Khalsa while another officer waited at a distance. Khalsa agreed to speak with the officers. On these facts, we conclude this was not an investigatory stop under *Terry v. Ohio*, 392 U.S. 1 (1968). *See Florida v. Royer*, 460 U.S. 491, 497 (1983); *United States v. Mendenhall*, 446 U.S. 544, 553-54 (1980).

Khalsa further contends his consent to the search of his baggage was involuntary because the investigating officer did not respond to his inquiry regarding his right to refuse consent to a search of his baggage; he raises this claim under the Fifth Amendment as interpreted in *Miranda v. Arizona*, 384 U.S. 436 (1996). The police are not

required to inform investigative subjects of their rights prior to seeking consent to search. *See Ohio v. Robinette*, 519 U.S. 33, 39 (1996). Khalsa's argument does not demonstrate clear error in the district court's ruling, after the hearing on the motion to suppress, that Khalsa consented to the search of his bags. *Rusher*, 966 F.2d at 873; *see Schneckloth v. Bustamonte*, 412 U.S. 218, 249 (1973).

   Accordingly, we affirm the district court's order denying Khalsa's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*